## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 08-20120-CM** |
| ) | |
| **TAJUAN WHITE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on defendant's pro se Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. 104.)  Defendant seeks to reduce his sentence based on the Fair Sentencing Act of 2010 ("FSA") and Amendment 750, which reduced the minimum sentencing guidelines applicable to certain crack cocaine offenses.  For the following reasons, the court denies defendant's motion.

### I.      Factual and Procedural Background

On November 18, 2009, defendant pleaded guilty to 21 U.S.C. § 846, conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base.  (Doc. 71.)  After the court's changes to and adoption of the Presentence Investigation Report, defendant's total offense level was 29, and his criminal history category was II.  (Doc. 93.)  This resulted in an advisory guideline imprisonment range of 120 to 121 months.  (Doc. 93.)

On March 2, 2010, the court imposed the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii) and sentenced defendant to a term of imprisonment of 120 months.

(Doc. 92.)  On December 2, 2011, defendant filed the current motion seeking a reduction of his

sentence.  (Doc. 104.)  Specifically, defendant relies on the FSA, which amended the statutory

mandatory minimum sentence for certain crack cocaine offenses, and Amendment 750, which

amended the sentencing guideline's offense levels for such offenses.  *See* Pub. L. 111-220; U.S.S.G.

§ 1B1.10.  Accordingly, defendant argues his total offense level should be reduced to 26, and the

applicable imprisonment range 70 to 87 months.

## II.    Legal Standards and Analysis

### A. Statutory Mandatory Minimum Sentence

In March, 2010, at the time of defendant's sentencing, the amount of cocaine base required to

implicate the statutory mandatory minimum sentence of 120 months under 21 U.S.C. §

841(b)(1)(A)(iii) was 50 grams.  On August 3, 2010, however, the FSA amended 21 U.S.C. §

841(b)(1)(A)(iii) by changing that amount to 280 grams.  As a result, the FSA effectively reduced the

crack cocaine to powder cocaine ratio from 100:1 to 18:1.  *See United States v. Lewis*, 625 F.3d 1224,

1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011).  Defendant argues the court should reduce

his sentence because the amount of cocaine base he possessed was less than the 280 gram threshold

required to trigger the amended statutory mandatory minimum sentence.

Importantly, because Congress did not provide for the FSA's amended ratio to apply

retroactively, the defendant is not entitled to a sentence reduction.  *See United States v. Reed*, 410 F.

App'x 107, 111 (10th Cir. 2010).  The Tenth Circuit in *Reed* addressed a situation analogous to the

defendant's and rejected an appellant's argument that the FSA applied retroactively to reduce his

sentence.  *Id*.  In so finding, the Tenth Circuit stated, "the general savings statute, 1 U.S.C. § 109,

requires us to apply the penalties in place at the time the crime was committed, unless the new

enactment expressly provides for its own retroactive application."  *Id*. (quoting *United States v.*

*Caradine*, 621 F.3d 575, 580 (6th Cir. 2010)).  Accordingly, the Tenth Circuit found the FSA's amended crack to powder ratio applies only to defendants sentenced after August 3, 2010.  *See Lewis*, 625 F.3d at 1228.  Therefore, because the court sentenced defendant in March of 2010, before the FSA went into effect, the defendant is not eligible for a sentence reduction based on the amended statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii).

### B.  Sentencing Guideline Range

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment when the defendant was sentenced based on the applicable sentencing guidelines and those guidelines are subsequently lowered by the Sentencing Commission.  Additionally, any reduction shall be "consistent with the applicable policy statements issued by the sentencing commission."  18 U.S.C. § 3582(c)(2).  Defendant argues that absent the statutory mandatory minimum sentence, the court should nevertheless reduce his sentence based on Amendment 750, which retroactively applies to lower his sentencing guideline range pursuant to section 1B1.10 of the sentencing guidelines. [1]

The Sentencing Commission passed Amendment 750, which went into effect on November 1, 2011.  Pursuant to section 1B1.10 of the sentencing guidelines, Amendment 750 adjusted the sentencing guidelines by amending the cocaine base amounts in the drug quantity table in § 2D1.1(c).

---

[1] Section 1B1.10 provides in part:

    (a) Authority.—
        (1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
        (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--
    . . . .
        (B) An amendment listed in subsection (c) does not have the effect of lowering     the defendant's applicable guideline range.
    . . . .
    (c) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156 . . . and 750 (parts A and C only).

Specifically, the table provides a base offense level according to the drug quantity attributed to the defendant.  U.S.S.G. § 2D1.1(c).  Amendment 750 reflects an adjustment similar to the amended crack cocaine ratio that triggers the statutory mandatory minimum sentence under the FSA.

Unlike the FSA, the Sentencing Commission provided for Amendment 750 to apply retroactively.  *See* U.S.S.G. § 1B1.10.  The policy statements, however, provide that a retroactive sentence reduction is not consistent with the policy statements if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Therefore, the court must determine whether Amendment 750 actually has the effect of lowering defendant's applicable guideline range.  Application note one of the current sentencing guidelines provides clarity in determining whether an amendment has the effect of lowering the guideline range under § 1B1.10(a)(2)(B).  Application note one states:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision *(e.g., a statutory mandatory minimum term of imprisonment)*.

U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added).  The note's example is identical to the defendant's situation.[2]  While Amendment 750 may retroactively apply to the defendant's advisory guideline range, the operation of the statutory mandatory minimum sentence precludes the amendment from lowering defendant's applicable guideline range.  As a result, defendant is not entitled to a reduction in his sentence.

---

[2] At sentencing, the court determined the cocaine base amount attributable to defendant to be between 50 and 150 grams. Accordingly, the court found defendant had a total offense level of 29 and a criminal history category of II, which resulted in a guideline range of 120 to 121 months.  (Doc. 93).  Had the court sentence defendant under the amended sentencing guidelines, the cocaine base attributable to defendant would result in a base offense level of 26 or 28.  While defendant's offense level may have lowered the advisory guideline range, the imposition of the statutory mandatory minimum sentence still precludes the advisory guideline range from affecting defendant's sentence.

**IT IS THEREFORE ORDERED** that defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582 is denied.

Dated this 29th day of March, 2012 at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**